UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID M. BARTON,

        Petitioner,

                              6:13-cv-02154-CL

        v.

                              REPORT AND
                              RECOMMENDATION

OR. ATTORNEY GENERAL,

        Respondent.

CLARKE, District Judge.

      Petitioner is on post-prison supervision after being released from the custody of the Oregon Department of Corrections pursuant to a judgment from the Lane County Circuit Court after convictions for two counts of Sexual Abuse in the First Degree. After a jury convicted petitioner, the trial court imposed two 75-month sentences to run concurrently. Exhibit 101.

      Petitioner directly appealed his convictions, but the

1

Court of Appeals dismissed the appeal on petitioner's motion. Petitioner did not seek review from the Oregon Supreme Court. Exhibits 105 - 107.

Petitioner field a Second Amended Petition for Post-Conviction Relief, but the Marion County Circuit Court denied relief. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 146 - 150.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four claims of ineffective assistance of counsel. Petition (#2). Respondent now moves to deny relief on the grounds that petitioner's claims are either procedurally defaulted or were denied in state court decisions that were not objectively unreasonable and are entitled to deference by this court. Response (#15) p. 2.

In an order (#22) dated August 11, 2014, the court stated that petitioner had not filed a brief in support of his petition. In a letter to the court (#24) dated August 25, 2014, petitioner advised the court that his submission to the court dated June 10, 2014 and specifically the affidavit of Philip A. Lewis (#22) contained "all of the reasons I believe my Constitutional rights under the 6th and 14th Amendments were denied at trial."

Petitioner is advised that the court has considered his

letter(s) and the affidavit of Mr. Lewis.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a

petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

As noted above, petitioner alleges four claims of ineffective assistance of counsel with numerous sub-parts. Petitioner raised most or all of those claims in his PCR trial. Exhibit 108. However, during petitioner's PCR appeal, petitioner raised only two claims. Those are the claims alleged as Ground Three, sub-parts two and three in the petition before the court.

Because petitioner did not fairly present any of his other claims to Oregon's highest court, they are procedurally

4

defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, the only claims properly before the court are those alleged in Ground Three, subparts two and three.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that:

> Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable.

<u>Andrade</u>, <u>Id.</u>

The <u>Andrade</u> Court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily objectively unreasonable even if it is clear error.

> It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively

unreasonable.

Id.

It is not an objectively unreasonable application of clearly established federal law for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are contrary to or objectively unreasonable applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ("Federal habeas is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537

U.S. 19 (2003) (*per curiam*), quoting Lindh v. Murphy, 521 U.S. 320, 333 n. 7 (1997).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the

burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at

9

694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

Petitioner alleges as Ground Three that his trial counsel was ineffective for failure to object to "inadmissible and prejudicial evidence," specifically: "(2) my looking into the bathroom at my daughter some 30-35 years earlier" and "(3) my niece who was an adult and physically larger than me was uncomfortable by physical contact with me as we were wrestling in the swimming pool. These were 'bad acts' evidence which I believe prejudiced the jury." Petition (#2), p. 10.

Petitioner raised these claims in his PCR trial. Exhibit 108, pp. 5-8. The PCR court made specific findings about petitioner's claims in this regard. It found that trial counsel's questioning about the incident with petitioner's daughter was "appropriate," and that counsel "had reason to address this matter - he wanted the jury to hear this evidence to make the State's case look even flimsier." Exhibit 143, p. 24. As to the swimming pool incident with petitioner's niece, the court found that the "[d]etails about the incident involving petitioner and Stephanie were proper. As has already been discussed above, trial counsel had a legitimate reason to let this testimony come in." Exhibit 143, p. 25.

The PCR court's findings and ultimate conclusion that petitioner failed to prove either constitutionally deficient

10

performance or prejudice were not objectively unreasonable.

To establish that trial counsel was ineffective for failing to file a motion *in limine* or to object to certain testimony, petitioner must show a reasonable probability that the motion or objection would have been successful. *See*, Styers v. Schriro, 547 F.3d 1026, 1030 (9th Cir. 2008) (citing *Strickland*, 466 U.S. at 695). Petitioner has not shown a reasonable probability that an objection to the testimony about his daughter and niece would have been sustained. As argued in the state's PCR trial memorandum, that evidence was likely admissible under Oregon law. Exhibit 122.

In addition, trial counsel's decision to confront the shower and pool incidents through trial testimony which arguably made the state's case appear "flimsy" was not objectively unreasonable. Such tactical decisions are entitled to a strong presumption that counsel made the decision in the "exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S.Ct. 1388, 1407(2011)(*citing, Strickland*, 466 U.S. at 689-90).

Even if petitioner could show that counsel's performance was objectively unreasonable, he has failed to establish the second "prejudice" prong of the *Strickland* analysis.

The evidence at petitioner's trial included testimony from both victims describing the sexual abuse, and

11

petitioner's admission that he had touched one of the victims in the way that she had testified. Under these circumstances, it was not unreasonable for the PCR court to conclude that petitioner was not prejudiced by the jury hearing testimony about the past, arguably innocuous, incidents with petitioner's daughter and niece.

The PCR court conclusion that petitioner's trial counsel was not constitutionally deficient is not contrary to, nor an unreasonable application of *Strickland*, and is therefore entitled to deference by this court. In addition, I find that the state court conclusion is supported by the record and correct on the merits.

Petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the

objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 24 day of September, 2014.

Mark D. Clarke
United States Magistrate Judge