IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAVID M. BARTON**,

    Petitioner,

v.

**OREGON ATTORNEY GENERAL**,

    Respondent.

_____

**Civ. No. 6:13-cv-02154-CL**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Petitioner, *pro se*, brings this petition seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner seeks to reverse and vacate two state court convictions for sexual abuse in the first degree, ORS § 163.427, because of alleged ineffective assistance of counsel. Judge Mark D. Clarke issued a Report and Recommendation on September 24, 2014, recommending denial. The matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

This Court reviews all portions of the Report and Recommendation subject to objection *de novo*. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner timely filed objections. Upon review, this Court finds no error in Judge Clarke's Report and Recommendation, ECF No. 25. As indicated by Judge Clarke, the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), establishes a "highly deferential standard for evaluating state court rulings." Report & Recommendation 7, ECF No. 25. This Court is unable to find that the state court's application of the law was

1 – OPINION AND ORDER

"objectively unreasonable" or that the state court's findings of fact were "actually unreasonable."

*See* Exhibits to Answer Part B, 272–73, ECF No. 18-2.[1]

## CONCLUSION

This Court ADOPTS Judge Clarke's Report and Recommendation, ECF No. 25, in full. David Barton's petition, ECF No. 2, is DENIED.

IT IS SO ORDERED.

DATED this 5th day of November, 2014.

**Michael J. McShane**
**United States District Judge**

---

[1] In *Barton v. Kilmer*, Case No. 08C-20729 (Or. Cir. Ct. Mar. 2, 2011), Judge Thomas Hart found, in relevant part:

> Petitioner's previous behavior was admissible. Trial counsel had a valid, strategic reason (as described in his deposition) for not filing a motion in limine and, petitioner has not provide that such a motion would have been successful. Even if trial counsel had decided to object . . . the evidence would have likely come in under OEC 404(3), which controls the admissibility of other bad acts . . . . The prior acts could have been admitted to show lack of mistake, and petitioner was claiming that his touch of Bailey was a mistake.

2 – OPINION AND ORDER